RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

JEREMY N. HENDON
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C.  20044
202-353-2466 (v)
202-307-0054 (f)
Jeremy.Hendon@usdoj.gov

ADAM L. BRAVERMAN
United States Attorney
Southern District of California

*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,            )<br>                                                            )<br>            Plaintiff,                              )<br>                                                            )<br>            v.                                          )<br>                                                            )<br>RALPH M. AMATO and                    )<br>DIANA T. AMATO,                            )<br>                                                            )<br>            Defendants.                        )<br>_____) | Case No. '18CV2803 BAS KSC<br><br>**UNITED STATES' COMPLAINT TO REDUCE FEDERAL TAX ASSESSMENTS TO JUDGMENT** |

The United States of America ("United States"), by and through undersigned counsel, complains and alleges as follows:

1

## NATURE OF THE ACTION

1. This is a civil action timely brought by the United States to reduce to judgment certain outstanding federal tax assessments against Defendants Ralph M. Amato and Diana T. Amato (collectively "Taxpayers").

## JURISDICTION AND VENUE

2. This action is commenced pursuant to 26 U.S.C. §§ 7401 and 7402 at the direction of a delegate of the Attorney General of the United States and with the authorization and request of the Chief Counsel of the Internal Revenue Service ("IRS"), a delegate of the Secretary of the Treasury of the United States.

3. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 and 1345, and 26 U.S.C. § 7402.

4. Venue properly lies in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1396, because it is the district where the liability for the taxes at issue accrued and it is the district in which the Taxpayers reside.

## THE DEFENDANTS

5. The Taxpayers are named defendants because the IRS assessed the federal tax liabilities at issue against them.

# COUNT ONE:

## REDUCE TO JUDGMENT FEDERAL TAX ASSESSMENTS AGAINST THE TAXPAYERS

6. The United States incorporates by reference paragraphs 1 through 5, above, as if fully set forth here.

7. On various dates, a delegate of the Secretary of the Treasury made timely assessments against the Taxpayers for unpaid joint federal income taxes (Form 1040 taxes) as follows:

| TAX TYPE | TAX YEAR | DATE OF ASSESSMENT | ASSESSED AMOUNT | OUTSTANDING BALANCE* AS OF 12/11/2018 |
|---|---|---|---|---|
| 1040 | 12-31-1999 | 3-19-2001<br>2-12-2009<br><br><br><br>8-10-2009<br>12-28-2009<br>10-3-2011<br>2-18-2013<br>11-10-2014<br>11-16-2015<br>11-14-2016<br>9-25-2017<br>1-8-2018<br>7-16-2018 | (1) $   5,154.00<br>(2) $721,192.00<br>(3) $144,245.56<br>(5) $144,238.40<br>(6) $760,403.64<br>(4) $ 39,659.18<br>(7) $        21.00<br>(4) $138,537.04<br>(7) $        68.00<br>(6) $406,028.23<br>(6) $ 72,304.27<br>(6) $ 88,410.60<br>(7) $      134.00<br>(7) $        20.00<br>(7) $        76.00 | $ 2,722,091.86 |
| 1040 | 12-31-2000 | 7-9-2001<br>3-9-2009<br><br><br>8-10-2009<br>10-3-2011 | (1) $   2,981.00<br>(2) $ 29,885.00<br>(5) $   5,977.00<br>(6) $   9,247.49<br>(4) $   1,344.82<br>(4) $   6,126.42 | |

|  |  | 11-10-2014 | (6) $ 10,513.21 |  |
|---|---|---|---|---|
|  |  | 11-16-2015 | (6) $ 1,953.49 |  |
|  |  | 11-14-2016 | (6) $ 2,389.36 |  |
|  |  |  |  | $ 73,782.13 |
| 1040 | 12-31-2001 | 8-5-2002 | (1) $ 10,472.00 |  |
|  |  | 3-9-2009 | (2) $ 1,925.00 |  |
|  |  |  | (6) $ 403.06 |  |
|  |  | 8-10-2009 | (4) $ 86.62 |  |
|  |  | 10-3-2011 | (4) $ 394.62 |  |
|  |  | 11-10-2014 | (6) $ 553.56 |  |
|  |  | 11-16-2015 | (6) $ 104.11 |  |
|  |  | 11-14-2016 | (6) $ 127.35 |  |
|  |  |  |  | $ 3,932.52 |

(1) Assessed Tax based on Originally Filed Return.
(2) Assessed Additional Tax after Examination and Tax Court Decision.
(3) Late Filing Penalty pursuant to 26 U.S.C. § 6651(a)(1).
(4) Failure to Pay Penalty pursuant to 26 U.S.C. § 6651(a)(2).
(5) Accuracy-Related Penalty pursuant to 26 U.S.C. § 6662.
(6) Assessed Interest.
(7) Fees and Collection Costs.

   * Including accrued but unassessed interest and statutory additions through December 11, 2018.

   8.   The IRS issued a notice of deficiency to the Taxpayers on January 17, 2007, setting forth deficiencies of income tax for the 1999 and 2000 tax years as well as penalties. Subsequently, the IRS issued a separate notice of deficiency to the Taxpayers on March 21, 2007, setting forth a deficiency of income tax for the 2001 tax year.

   9.   The Taxpayers filed a petition for review of the IRS's Notices of Deficiency for the 1999, 2000, and 2001 tax years with the United States Tax Court on or about April 23, 2007, in *Amato v. Commissioner*, Docket No. 9041-07,

United States Tax Court. Pursuant to the agreement of the parties, on November 24, 2008, the Tax Court issued a Decision determining that the Taxpayers owed deficiencies in income tax for each of the 1999, 2000, and 2001 tax years, a separate addition to tax for the 1999 tax year, and penalties for the 1999 and 2000 tax years. The Tax Court Decision also provided that interest would be assessed as provided by law.

10. The assessments described in paragraph 7, above, for the 1999, 2000, and 2001 tax years are based on the November 24, 2008 United States Tax Court decision in *Amato v. Commissioner*.

11. Notice and demand for payment of the assessments described in paragraph 7, above, was provided to and made upon the Taxpayers.

12. Despite notice and demand for payment, the Taxpayers neglected, failed and/or refused to fully pay the amounts set forth in paragraph 7, above.

13. There is due and owing from the Taxpayers on the assessments described in paragraph 7, above, the sum of $2,799,806.51, plus statutory interest and other additions running from December 11, 2018, as provided by law, which takes into account payments and credits made towards these assessments.

**WHEREFORE**, the United States respectfully requests the following relief:

A. That this Court enter judgment in favor of the United States and against the Taxpayers, jointly and severally, for $2,799,806.51, plus statutory

interest and other additions running from December 11, 2018, as provided by law; and

  B. That the United States be awarded its costs and such other relief as is just and proper.

  Respectfully submitted this 13th day of December, 2018.

           RICHARD E. ZUCKERMAN
           Principal Deputy Assistant Attorney General

           */s/ Jeremy N. Hendon*
           JEREMY N. HENDON
           Trial Attorney, Tax Division
           U.S. Department of Justice
           P.O. Box 683
           Washington, D.C. 20044
           202-353-2466 (v)
           202-307-0054 (f)
           Jeremy.Hendon@usdoj.gov

           ADAM L. BRAVERMAN
           United States Attorney
           Southern District of California
           *Of Counsel*

           *Attorneys for the United States*

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA

### DEFENDANTS
RALPH M. AMATO and DIANA T. AMATO

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: San Diego
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Jeremy N. Hendon, U.S. Department of Justice, Tax Division
P.O. Box 683, Ben Franklin Station, Washington, DC 20044
(202) 353-2466

Attorneys *(If Known)*
'18CV2803 BAS KSC

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
|  | **PERSONAL INJURY** | **PERSONAL INJURY** |  |  |  |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 315 Airplane Product Liability |  | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument |  |  |  | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability |  |  | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability |  | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** |  | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise |  |  | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
|  |  |  | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** |  | [X] 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence |  |  | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property |  | **Other:** | ☐ 462 Naturalization Application |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions |  |  |
|  |  | ☐ 550 Civil Rights |  |  |  |
|  | ☐ 448 Education | ☐ 555 Prison Condition |  |  |  |
|  |  | ☐ 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
26 U.S.C. Sections 7401 and 7402

Brief description of cause:
Reduce federal tax assessments to judgment.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
- **DEMAND $** 2,799,806.51
- CHECK YES only if demanded in complaint:
- **JURY DEMAND:** ☐ Yes [X] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: 12/13/2018

SIGNATURE OF ATTORNEY OF RECORD: /s/ Jeremy N. Hendon

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.